**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CARL WATKINS,              )
                       )
        Movant,       )
                       )
      v.             )      No. 4:11CV1118 HEA
                       )
UNITED STATES OF AMERICA,  )
                       )
        Respondent,  )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Carl Watkinis' motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The United States of America has responded to the motion. On April 19, Petitioner filed a motion for leave to amend the original §2255 motion. [Doc. 38]. The motion for leave to amend was granted on April 20, 2012. [Doc. 40]. Petitioner filed three subsequent motions to amend, all of which were granted by this court.

## Facts and Background[1]

On December 28, 2009, Movant entered a U.S. Bank, 301 North Tucker, St. Louis, Missouri. Movant approached a teller's window and presented a handwritten note stating, "This is a robbery. Give me everything in your top drawer". The teller collected $2,100 in U.S. currency and handed it to Movant.

---

[1] The facts are taken from the Presentence investigation report and the plea agreement filed in this matter.

Movant took the currency and his note and placed in an envelope. He then walked out of the bank.

On January 13, 2010, Movant entered Commerce Bank located at 6630 Delmar, University City, Missouri. Movant approached a teller's window and handed a note to the teller which stated, "This is a robbery". The teller pulled the piece of paper closer, at which time Movant responded by grabbing the paper and telling the teller, "Don't do anything, just give me the money". The teller handed $3,785 in U.S. currency to Movant. Movant took the money and left the bank.

On February 1, 2010, Movant entered the Commerce Bank located at 6383 Clayton Road, Clayton, Missouri. Movant approached a teller window and presented a handwritten note with the words: "This is a robbery. Don't be a hero. Give me all large bills". The teller delivered Movant $2,090 in U.S. currency. Movant took the money and ran from the bank.

The total amount of U.S. currency taken during the bank robberies totaled $7,975. However, $2,070 was recovered at the time of Movant's arrest and was returned to the Commerce Bank in Clayton, Missouri.

## PROCEDURAL HISTORY

On February 4, 2010, the federal grand jury for the Eastern District of Missouri, in St. Louis, returned a three-count indictment against Movant. In Count I, he was charged with the robbery of the U.S. Bank in the City of St. Louis on

December 28, 2009. In Count II, he was charged with the robbery of the Commerce Bank on January 13, 2010. The third count charged him with robbery of the Commerce Bank on February 1, 2010.

At the time the indictment was returned, Movant was in State custody awaiting resolution of a probation revocation matter arising from these bank robberies. The United States applied for a writ of habeas corpus *ad prosequendum*. That warrant was issued on February 5, 2010 and Movant was temporarily transferred into federal custody. [Doc. # 4] He was appointed a Federal Public Defender to represent him. In April, 2010, Movant waived his right to file pre-trial motions. [Doc. #24, 25, 26]. Thereafter, In July 2010, Movant=s attorney withdrew from representation and a new attorney, Paul Sims, was appointed by the Court to represent Movant. [Doc. #37, 39, 40, 41].

The matter was set for trial to begin on October 12, 2010. Movant, however, elected not to proceed to trial and appeared before this Court on October 14, 2010, to enter a plea of guilty. Movant pleaded guilty to Count I of the Indictment pursuant to a Plea Agreement between the parties.

On February 22, 2011, Movant appeared before this Court for sentencing. The Court sentenced Movant to a term of imprisonment of 54 months. The Court also imposed a term of Supervised Release of three years. Pursuant to the terms of the plea agreement, the Government moved to dismiss Counts II and III of the

indictment. The motion to dismiss the remaining counts of the indictment was granted by the Court.

Despite a waiver of appeal in the plea agreement between the parties, Movant appealed his conviction to the Eighth Circuit Court of Appeals. Thereafter, Paul Sims filed a document with the Eighth Circuit stating that he had talked with Movant and they had determined it was in Movant's best interest to dismiss his appeal. The appeal was subsequently dismissed by the appellate court on April 11, 2011.

Movant next filed his Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 and his various amended motions.

## CLAIMS FROM THE INITIAL MOTION FOR POST CONVICTION RELIEF

Movant has raised eight grounds for post-conviction relief in his original motion for post-conviction relief. Each of his grounds for relief asserts ineffective assistance of counsel, citing the following reasons: (1) a generic claim that counsel was ineffective; (2) failing to subject the prosecution to meaningful adversarial challenge; (3) failing to explain the plea agreement fully to Movant; (4) incorrectly informing Movant that his federal and state sentences would run concurrently with each other; (5) failing to present mitigating evidence to the Court at sentencing; (6) failing to reinstate the pretrial motions and to conduct pretrial discovery; (7)

misadvising him of the improbability of acquittal and benefit of pleading; and (8) misadvising Movant on direct appeal.

## <u>THE AMENDED CLAIMS</u>

**A.** *Amended Claim of April 19, 2012*

Movant asserts a claim based upon the United States Supreme Court decision *Lafler v. Cooper,* 132 S.Ct. 1376 (2012), stating:

> Just like in [*Lafler*], the Movant also entered a plea but neither before plea, or, after plea negotiations did Attorney Paul Sims, advise Movant that he could have negotiated a term of probation as part of the plea agreement.
> However, or, that the government had the burden of proving beyond a Reasonable doubt the bank(s) were covered by FDIC.

**B.** *Amended Claim of May 16, 2012*

Movant asserts counsel was ineffective "for failure to file instructed direct appeal." In support of this claim, Petitioner asserts:

> Movant instructed Attorney Paul Sims to raise the issue whether the U.S. Attorney Thomas Mehan obtained authorization and approval from his supervisors at the Department of Justice as required by the Petite Police §§ 9.27-031-300, to initiate and continue the Federal Prosecution for Bank Robbery under §§ 2113(a), in violation *Thompson v. United States*, 444 U.S. 248 (1980); *Rinaldi v. United States*, 434 U.S. 22 (1977); *Petite v. United States*, 361 U.S. 529 (1960); *Watt v. United States*, 422 U.S. 1032 (1975). But counsel failed to appeal. *Roe v. Flaves-Ortega*, 528 U.S. 470 (2000). Movant requests this court to grant him a "nunc pro tunc" direct appeal as he desired. *Padilla v. Kentucky*, 130 S.Ct. 1473 (October 13, 2009).

**C.** *Amended Claim of August 20, 2012*

Movant re-asserts a *Lafler v. Cooper* claim, asserting his attorney provided ineffective assistance of counsel for failing:

> to advise movant that he was eligible for six months probation, because offense was a class C felony, and not seeking a lesser plea offer than the 54 months terms of imprisonment for count one of Bank Robbery under §§ 2113(a) of the Grand Jury indictment in violation of movant's Sixth Amendment Right to effective assistance of counsel, and Fifth Amendment Right to real notice of the true nature of the charge against him guaranteed by the U.S. Constitution and Due Process; thus making the plea involuntary and unintelligent.

Citing *Lafler v. Cooper*, Petitioner explains further:

> Had Mr. Sims advised movant after his investigation and discovery that the government had sufficient reason to accept terms and conditions of probation as well as psychotherapy treatments permitted such placement for non-violent offenders who suffered from a mental instability and duress at the time of the alleged crime, and sought to obtain a lesser plea offer from the government, movant would have agreed to negotiate a plea deal for 6 months probation terms and conditions that upon completion without violation of law, the conviction for count one be expunged from the record.
> But for counsel's unprofessional errors it is likely [probable], the court Would have accepted the terms and conditions of the plea agreement….

### D. *Amended Claim of September 19, 2012*

Movant asserted he "wishes to add the claim of defect in instituting the prosecution and selective prosecution on and under 'newly discovered evidence.'"

Movant also stated he "wants to separate his claim of 'ineffective assistance of counsel' from his 'involuntary guilty plea' claim, and ameliorate both with specificity, to overcome the ambiguity within: that he may procure the 'liberal constructions' due him." *Id*.

### E. *Amended Claim of October 25, 2012*

Again asserting *Lafler v. Cooper*, Movant raised the same claim as he did in his Amended § 2255 Motion filed on August 20, 2012.

### Standard for Relief Under 28 U.S.C. 2255

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as

the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Before any *Strickland* analysis may proceed, however, there must necessarily be a consideration of whether the claimed ineffective assistance is viable for consideration. Pursuant to 28 U.S.C. § 2255(f) a petitioner has one year from the date his conviction becomes final in which to file his motion for post-conviction relief.

## Discussion

Here, the Movant was sentenced on February 22, 2011. He took an appeal which was dismissed by the Court of Appeals on April 11, 2011. Since Movant had one year from the date his appeal became final he therefore had until April 11, 2012 in which to file for relief under 28 U. S. C. §2255(f). Movant timely filed his initial motion on June 20, 2011.

## A. General Claim of Ineffective Assistance of Trial Counsel

Movant states that "(1) Counsel's performance fell below an objective standard of reasonableness. (2) Counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." There are no further factual allegations regarding this claim. A simple claim that counsel was ineffective, without more, is insufficient to warrant relief. *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance); *Estes v. United States*, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence). The claim is denied.

## B. <u>Failing to Subject Prosecution to Meaningful Adversarial Challenge</u>

In support of this claim Movant asserts that "Counsel failed to cite case law during sentence, or enter into court record during sentencing Defendant's mental health issues and relative documents and signed witness testimony to support claims of duress." Movant does not explain what case law his attorney should have filed or cited during sentencing. Such an empty allegation provides no basis for relief under the present state of the law.

Movant claims that his attorney failed to enter into the court record during sentencing Defendant's mental health issues. Movant is patently incorrect. Counsel filed Objections to the Presentence Investigation Report and Sentencing Memorandum prior to sentencing in which he attached a mental evaluation report

for the Court's consideration, specifically, the report of Dr. Ajuga Muhammad, a licensed psychotherapist. Counsel is not ineffective on this basis. This claim is likewise denied.

Lastly, Movant argues that his attorney was ineffective because he failed to file relevant documents and signed witness testimony to support Movant's claim of duress. Movant is gravely mistaken. Counsel filed Objections to the Presentence Investigation Report and Sentencing Memorandum, wherein he posited Movant's claim of duress which led to Movant robbing the banks. As exhibits to that sentencing memorandum, counsel filed a transcript of a sworn statement by Movant's girlfriend explaining Movant's duress. Counsel also filed an affidavit from another individual, Brian Doss, who explained the situation with the police which led to Movant's duress and subsequent bank robberies.

Much to the chagrin of Movant he cannot establish the prejudice prong of the *Strickland* analysis. On such allegations, unsupported in any way upon the record, he fails to establish that the outcome of his sentencing proceedings would have been different if only counsel would have done the things Movant wanted him to. Indeed, counsel **did** do the things Movant wanted him to do. Not only did counsel bring these issues to the Court's attention at the time of sentencing, but Movant also discussed these issues at length with the Court. The claim of duress as a justification for committing the bank robberies was rejected by the Court. Movant

has failed to establish that, even if counsel's representation had somehow been constitutionally infirm, the outcome of his sentencing would have changed. Movant's claim is denied.

## C. **Failure to Fully Disclose Plea Offer to Defendant**

In support of this claim, he states:

> Counsel misadvised defendant of language content used by the government in the plea offer to Defendant. Counsel failed to correctly inform Defendant that by Defendant agreeing to the plea offered by the government, Defendant was agreeing to not ask for a downward departure. Counsel did not clearly explain this to the defendant. Defendant was told by counsel that all parties involved was [sic] aware that Defendant sought a downward departure. The sole purpose of the defense investigations was to support defense claims that defendant's crimes were predicated upon duress. This claim was supported by signed witness testimony, defendant's mental health history and current psychotherapist analysis. The defendant sought a downward departure due to these mitigating circumstances. Had the defendant been clearly and fully informed by counsel that the prosecution had failed to acknowledge defendant's request for a downward departure, defendant would not have accepted drafted plea agreement in its current form. Counsel lead [sic] defendant to believe that the plea offer was partial to the defendant's need to seek the least restrictive sentence.

A review of the plea agreement established that, in exchange for Movant's plea to one of the three counts of the indictment, the Government would dismiss the remaining two counts. In addition, in exchange for the Government foregoing convictions on Counts II and III, all parties agreed that no one would ask for a sentence above or below the applicable guideline range. This was clearly set forth in the plea agreement. *See* Plea Agreement at pg. 2. The plea agreement later states

that "[t]his document constitutes the *entire* agreement between the parties and the government." Movant knew that he was agreeing not to ask for a downward departure when he signed the plea agreement and entered his plea of guilty, pursuant to that plea agreement, before this Court.

At the time of Movant's guilty plea, Movant was specifically asked about the Plea Agreement, at which time the following dialogue took place:

> Court: And with respect to that Plea Agreement or plea of guilty, Mr. Watkins, I made a reference to the Plea Agreement when we started. .... And before signing the document, did you review it in its entirety with your lawyer?
>
> Deft: Yes, sir, I did.
>
> Court: And as a result of that review, are you satisfied that you understand everything in the Plea Agreement?
>
> Deft: Yes, I am satisfied, Your Honor.
>
> Court: Do you have any questions about anything in the Plea Agreement?
>
> Deft: No, sir, Your Honor.

Tr. at 14-15.

Although Movant now claims he was unaware that he would not be able to seek a downward departure, the claim is without merit. His sworn statements before the court "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v.United States*, 114 F.3d 699, 703 (8th Cir. 1997). His third claim is denied.

## D. Concurrent Sentences

Here Movant claims defense counsel was ineffective because counsel incorrectly informed Movant that his federal and state sentences would run concurrent. In support of the claim he states:

> Movant instructed Attorney Paul Sims to raise the issue whether the U.S. Attorney Thomas Mehan obtained authorization and approval from his supervisors at the Department of Justice as required by the Petite Police §§ 9.27-031-300, to initiate and continue the Federal Prosecution for Bank Robbery under §§ 2113(a), in violation Thompson v. United States, 444 U.S. 248 (1980); Rinaldi v. United States, 434 U.S. 22 (1977); Petite v. United States, 361 U.S. 529 (1960); Watt v. United States, 422 U.S. 1032 (1975). But counsel failed to appeal. Roe v. Flaves-Ortega, 528 U.S. 470 (2000). Movant requests this court to grant him a "nunc pro tunc" direct appeal as he desired. Padilla v. Kentucky, 130 S.Ct. 1473 (October 13, 2009).Movant's § 2255 Motion, pg. 6.

Counsel's representation was not constitutionally infirm for failing to ask this Court to run the federal sentence concurrent with the state sentence because the state sentence did not exist at the time of the federal sentencing. Thus, this Court would have had no sentence with which to run it concurrent and no authority to do so. The point is entirely irrelevant and denied as the sentences are in fact being served concurrently as noted in the Transcript of State Sentencing Proceedings. As such there is no prejudice to the movant. This point is denied.

## E. Mitigating Evidence at Sentencing

Movant claims that his counsel was ineffective for failing to present mitigating evidence to the Court at sentencing in that:

(1) Counsel failed to enter into Court record during sentencing that investigations conducted on behalf of defense counsel Paul Sims revealed and produced signed witness testimony to support claims that defendant had been threatened and harassed at gunpoint by St. Ann Police Department on more than one occasion [so] that defendant feared for his life and the lives of his family; (2) Counsel failed to enter into court record during sentencing the Defendant's past and current mental health issues for major depression of which the defendant suffers; (3) a prior conviction in Federal Court (2005-August) whereby the Federal Courts supported and accepted the defendant Mental Health issues and ruled in favor of a downward departure below guidelines due to diminished capacity; (4) the prior defense counsel false, investigative witness reports that would have greatly affected the defendant's chances of receiving a favorable outcome in trial proceedings or for a downward departure duress claim; (5) the attachments Addendum to Final Copy of P.S.I. report and that the government no longer objected to a downward departure, but supported a downward departure based on these findings.

Movant's § 2255 Motion, pg. 7

1. **Duress**

Movant has asserted his attorney failed "enter into the court record" testimony of people who supported his claim of harassment by the police. Again, Movant has misstated the record. Counsel did make this information part of the record when he filed his sentencing memorandum and attachments as exhibits. Movant has failed to establish his counsel's performance was constitutionally infirm.

Because his attorney brought these issues to the attention of the Court, Movant cannot establish prejudice. He cannot establish the outcome of his sentencing proceedings would have been different.

### 2. Mental Health Issue

Here Watkins alleges that his attorney failed to posit his past and current mental health issues with the Court. The record clearly belies this position. Counsel, in fact, did attach a mental health evaluation as an exhibit to Movant's sentencing memorandum. Movant cannot establish that his attorney's performance was deficient. The mere fact that the Court was not persuaded by the argument does not establish deficient performance as an attorney.

Movant fails to establish any prejudice as his counsel in fact filed with the Court the very information that Movant argues was not filed and/or argued. The Presentence Investigation Report discussed Movant's mental health at length, thereby giving support to counsels' submission. The matter was fully presented to this Court which concluded departure/variance was not warranted.

### 3. Prior Federal Case

Here Movant argues counsel was ineffective by failing to argue that a different district court granted a downward departure to Movant as a result of his mental health issues. The Court was fully apprised of these  circumstance by virtue of the detailed Presentence Investigation Report. Simply because counsel did not

specifically say to this Court "and Movant received a departure in his earlier case," does not render his performance constitutionally infirm.

There is nothing in the record to support a finding of prejudice. This Court had before it all of the information that the previous court had available to it. In addition, this Court had additional reports regarding Movant's mental health. Having considered all of this information, this Court concluded that a downward departure/variance was not warranted. Movant has failed to establish the outcome would have been any different. The point fails and is denied.

### 4. Prior Counsel's False Investigative Reports

Movant claims his counsel was ineffective for bringing to the Court's attention that Movant's prior defense counsel had something to do with false investigative witness reports "that would have greatly affected the defendant's chances of receiving a favorable outcome in trial proceedings or for a downward departure duress claim." does not explain what these prior "false, investigative reports" are or how they would have had any impact on either his trial or his sentencing. Therefore, as merely a bold unexplained, unsupported assertion, the point is denied as Movant clearly cannot establish deficiency of performance or prejudice in his sentencing.

### 5. Government's Lack of Objection

The United States of America stated it had no objections to the Presentence Investigation Report. Movant attempts to argue his representation was constitutionally infirm as he did not argue Government "no longer objected to a downward departure, but supported a downward departure based on these findings." On the contrary, the Government was stating that it had no objections to the findings of fact or the calculation of the sentencing guidelines. The Government was not required to comment on the statement that there may be grounds for a variance or downward departure and, therefore, did not do so. The failure of counsel to challenge the Government's response, therefore, was not constitutionally infirm representation.

Clearly, Movant is unable to establish prejudice on this point as well. Again, he is unable to demonstrate that the outcome would have been any different.

## F. Pretrial Discovery

Here Movant asserts:

Upon being appointed, new counsel Paul Sims failed to file a Motion to Reinstate Pre-Trial Motions. Defendant waived pretrial motions contingent upon the strategy of the first defense team under Lee Lawless. Had counsel Paul Sims conducted a pre-trial discovery: (1) counsel would have discovered defendant suffered from major depression with a diminished capacity supported in court findings in a previous conviction by a federal court and documented doctors reports; (2) counsel would have discovered erroneously falsified witness statements that were submitted by prior defense counsel that would have prejudiced defendant's claim of duress. All of which was relevant to defendant's

case.

Movant's § 2255 Motion, pg. 7.

The essence of this claim is that counsel was ineffective for failing to reinstate pre-trial motions because, pursuant to those motions, counsel would have determined: (1) Movant had grounds for diminished capacity; and (2) there were some issues with Movant's claim of duress.

Movant fails in establishing the "performance" prong of the *Strickland* analysis. His first attorney (Lee Lawless) and second attorney (Paul Sims) did not file motions to suppress evidence because there was no suppressible evidence. Counsel cannot be found to be ineffective for failing to object to something that has no basis in law or fact. *Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (*Dyer's claim of ineffective assistance of counsel fails because the claim Dyer asserts counsel should have pursued is meritless); *Rodriguez v. United States,* 17 F.3d 225, 226 (8th Cir. 1994) (counsel not ineffective for failing to raise meritless challenge); *Thomas v. United States,* 951 F.2d 902 (8th Cir. 1991). *See also United States v. Willson*, 114 Fed.Appx. 770, 2004 WL 2820941 (8th Cir. 2004); *Smith v. United States,* 2011 WL 1327421 at *7 (E.D.Mo.) ("Counsel is under no obligation to make frivolous or meritless arguments"); *United States v. Coleman,* 399 F.Supp.2d 1008, 1016 (E.D.Mo. 2005) ("Counsel cannot be faulted for failing to raise meritless arguments."); *United States v. Sanders*, 165 F.3d 248,

253 (3rd Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

Movant cannot establish prejudice as the issues he raises are not sentencing issues. The outcome of his sentencing would not have been any different had counsel reinstated any pretrial motions to suppress. The issues of duress and diminished mental health issues are not issues for motions to suppress. The point is denied.

## G.    Misadvising Movant About Acquittal vs. Pleading

Movant claims his attorney failed to advise him properly about the improbability of an acquittal versus the benefit of pleading guilty. He states:

> (1) Counsel led Defendant to believe that by pleading to one Count of Bank Robbery, he would receive a downward departure if witnesses corroborated claims of threats and harassment of St. Ann Police Department, to which supports claim of duress and past and current mental health issues, coupled with the courts observance of Rule 3553, defendant was under the guise that these mitigating circumstances would be favorable for defendant to receive a lighter sentence; (2) counsel lead defendant to believe that the sentencing judge could issue investigations upon request of the defendant into allegations of police harassment and violations of defendants civil rights by St. Ann Police Department upon corroborated (signed) for the defense (During sentencing, defendant requested the judge to issue such investigations. Wherein, the Honorable Judge Autrey told the defendant that he had no authority to issue such investigations.

Movant claims that his attorney told him he would receive a downward departure or variance, counsel's affidavit attached hereto as Exhibit 2 establishes otherwise. In the affidavit, defense counsel notes that he "never told Mr. Watkins

that he would get a down[ward] departure, [he] only told him that the Federal Sentencing Guidelines were advisory only, the judge was not part of the Plea agreement, and was not bound by it, therefore the judge could do whatever the judge wanted to do in regards to sentencing." See Exhibit 2, ¶ 1. At the change of-plea-proceedings Movant said he had read the plea agreement, that he understood the plea agreement and that he had no issues with the plea agreement. The plea agreement was clear that Movant was not going to be receiving a downward departure or variance on mental health issues. Movant's present claim that he was informed otherwise is contrary to his sworn statement before this Court, and is therefore not credible. Movant's claim is denied.

Watkins asserts his attorney led him to believe that the sentencing judge could issue investigations upon request of the defendant into allegations of police harassment and violations of defendants civil rights by St. Ann Police Department. In counsel's affidavit, however, counsel states that: "In regards to Judge Autrey looking into allegations of police misconduct, Mr. Watkins informed me at our first meeting, that Judge Autrey told him if he uncovered any evidence of this, he would investigate it, I then responded I would contact the witnesses that he told me about." Counsel did in fact contact witnesses and file documents with this Court containing that information. The representation was not constitutionally infirm.

In the context of a guilty plea, Movant needed to show that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Movant has made no such assertion. There is no showing of prejudice The claim, therefore, fails.

## H. Misadvising Movant on Direct Appeal

Here Movant argues that his attorney gave him poor advice on the direct appeal.

The affidavit from attorney Paul Sims refutes allegations that he persuaded Movant to drop his appeal. He clearly states that he merely advised Watkins of the consequences of appeal. Subsequent to that advice Movant advised he wished to drop his appeal. Counsel therefore followed the wishes of Movant and dismissed the appeal. In order to establish prejudice caused by ineffective assistance of appellate counsel, a petitioner must show "a reasonable probability that, but for counsel's deficient performance, the result of his direct appeal would have been different." *Williams v. Kemna*, 311 F.3d 895, 898 (8th Cir. 2002).

The appeal surely would have failed in any event as there was a specific waiver of appeal by Movant. Appeal waivers are routinely enforced by the Eighth Circuit Court of Appeals. *See United States v. Michelsen*, 141 F.3d 867, 871, (8th

Cir.), *cert. denied*, 525 U.S.942 (1998); *United States v. Berberich*, 254 F.3d 721 (8th Cir.), *cert. denied.*, 534 U.S. 1013 (2001).

Here Movant waived his rights to appeal in the plea agreement. That waiver was clear and unambiguous. This Court reviewed that waiver with Movant. A review of the transcript established that Movant's plea was knowing and voluntary. Therefore, Movant would not have prevailed on appeal. As a result, he cannot establish prejudice and his claim of ineffective assistance of counsel necessarily fails.

## The Amended Claims

Movant did not file his first *amended* motion until April 19, 2012. Even allotting time for mailing, Movant did not sign his motion until April 13, 2012 or April 15, 2012.  In that motion Movant attempted to add a *Lafler* claim for relief. He later reasserted his *Lafler* claim in a filing on August 20, 2012 and in another filing on October 25, 2012. All three of these amendments fall outside the one year time period in which to file a motion for relief.

In order for for this court to consider claims filed by amendment like this, they must relate back to the earlier, timely-filed motion. *Dodd v. United States*, 614 F.3d 512 (8th Cir. 2010).

> Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same "conduct, transaction, or occurrence set out ... in the original" motion. Fed.R.Civ.P. 15(c)(1)(B). To arise out of  the same conduct, transaction, or occurrence,

the claims must be "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 ... (2005) (applying Rule 15(c) to a 28 U.S.C. §2254 petition). An amended motion may raise new legal theories only if the new claims relate back to the original motion by "aris[ing] out of the same set of facts as [the] original claims." *Mandacina* [*v. United States*, 328 F.3d 995, 1000 (8th Cir. 2003)].

*Dodd*, 614 F.3d at 515. Since *Lafler v. Cooper* was not decided until March 2012, the claim could not relate back to any claims raised in Movant's initial motion.

Title 28 U.S.C. § 2255(f)(3) provides that, despite when the original motion was due, the one- year period of limitation may begin running from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Assuming the principles enunciated in *Lafler v. Cooper* assert a right newly recognized by the Supreme Court and were made retroactive, Movant's amended claims may, arguably, nonetheless be considered.

The majority of circuit courts to consider this issue, including our Eighth Circuit, have concluded that *Lafler v. Cooper* does **not** establish a newly recognized right to effective assistance of counsel. *See In re Liddell*, 722 F.3d 737, 738-39 (6th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1182-83 (10th Cir. 2013); *Gallagher v. United States*, 711 F.3d 315, 316 (2d Cir. 2013); *Williams v. United States*, 705 F.3d 293, 304 (8th Cir. 2013); *In re King*, 697 F.3d 1189 (5th Cir.

2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-34 (11th Cir. 2012). And, even assuming *Lafler v. Cooper* announced a new rule, the case does not contain any express language as to retroactivity. *Gallagher*, 711 F.3d at 316. The statute of limitations has run on Petitioner's amended claims and they are all, therefore, time barred.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. ' 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this <u>30th</u> day of <u>June</u>, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE